# EXHIBIT 1

CASE 0:18-cv-00012-DWF-HB   Document 1-1   Filed 08/15/17   Page 2 of 6

Electronically Filed
7/10/2017 9:59:33 AM
Fifth Judicial District, Twin Falls County
Kristina Glascock, Clerk of the Court
By: Tami Kirkham, Deputy Clerk

**Steven D. Peterson, ISB# 3563**
**sdppc@cableone.net**
PETERSON LAW OFFICE, PLLC
161 5th Ave. South, Ste 310
P.O. Box 5827
Twin Falls, Idaho 83303-5827
Telephone: (208) 733-5500
Fax:  (208) 733-5553

Attorney for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| VINCENT FARMS, INC., An Idaho Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SYNGENTA SEEDS, LLC, <br><br> Defendant. | Case No.: CV42-17-2757 <br><br> COMPLAINT <br><br> Category A1 <br> Fee:  $221.00 <br><br> Bevan, G. Richard |

*****

COMES NOW Vincent Farms, Inc., an Idaho Corporation, Plaintiff, and for a cause of action complains and alleges as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an Idaho Corporation engaged in farming operations in Twin Falls County, Idaho.

COMPLAINT                                                                                                    Page 1

2. Defendant is a Delaware Limited Liability Company, registered as a foreign entity conducting business operations in Twin Falls County, Idaho.

3. This is a civil action to recover money damages for breach of contract. The amount in controversy exceeds $10,000.00. This Court has subject matter jurisdiction over this action.

4. Venue is proper in Twin Falls County, Idaho, pursuant to Idaho Code §§ 5-401 and 5-404.

## II. CLAIMS FOR RELIEF

A. COUNT ONE – BREACH OF CONTRACT

5. Plaintiff entered into an agreement with Defendant whereby Plaintiff would raise Sugar Hart seed peas for Defendant during the 2016 crop year ("Contract").

6. Pursuant to the Contract, Plaintiff raised Sugar Hart seed peas and delivered said peas to Defendant's facilities in Walla Walla, Washington, for processing.

7. The Contract between Plaintiff and Defendant required that the germination percentage for the Sugar Hart seed peas be at least 85%.

8. Defendant informed Plaintiff that the Sugar Hart seed peas raised by Plaintiff did not meet the 85% germination percentage.

9. Plaintiff had a sample of the same 2016 crop of Sugar Hart see peas tested at the Idaho Department of Agriculture (the agreed upon testing facility in case of a dispute). The results of that test indicated that the germination percentage for Plaintiff's sample was 87%.

10. Plaintiff's sample was professionally prepared for testing, which includes cleaning the Sugar Hart seed peas by removing excess waste such as dirt, rocks, plant stems, pea pods, and undesired or unusable seed peas.

11. This type of preparation is important because it gives a true indication of the seed's germination rate without skewing the sample.

12. Upon information and belief, Defendant's preparation did not remove the excess waste.

13. Defendant has refused to accept the 87% germination rate and has further refused to pay Plaintiff for the Sugar Hart seed peas.

14. As a result, Defendant has breached the expressed terms of the Contract as well as the implied provisions of the Contract such as the Covenant of Good Faith and Fair Dealing.

15. Plaintiff is damaged in the amount of $283,006.08 by this breach of Contract, for which Plaintiff is entitled to recover from Defendant.

### B. COUNT TWO - NEGLIGENCE

16. Plaintiff re-alleges the allegations set forth in the forgoing Count One of Plaintiff's Complaint.

17. Defendant undertook the duty to prepare the Sugar Hart seed peas for testing.

18. Defendant is obligated to perform this duty in a non-negligent manner.

19. Defendant failed to perform this duty in non-negligent manner.

20.    As a direct and proximate cause of this failure, Plaintiff suffered damages in the amount of $283,006.08 by this breach of Contract, for which Plaintiff is entitled to recover from Defendant.

C.    DEMAND FOR PREJUDGMENT INTEREST

21.    Defendant has failed to pay Plaintiff for the Sugar Hart seed peas. Plaintiff is entitled to prejudgment interest at the statutory rate of 12% per annum until the date of judgment is entered in this action.

D.    DEMAND FOR ATTORNEY FEES

22.    Plaintiff has been compelled to employ the services of an attorney to prosecute this action and is entitled under the allegations of this Complaint to recover attorney fees, pursuant to Idaho Code §§ 12-120 and 12-121, in the reasonable sum of not less than $2,000.00, if this matter is uncontested, and such additional sums as the Court deems just and equitable if this matter is contested.

### III.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

A.    For the entry of a money judgment against Defendant in the amount of $283,006.08, representing the value of Plaintiff's delivery of Sugar Hart seed peas made to Defendant, together with prejudgment interest at the 12% statutory rate from the time this lawsuit commenced; and

B.    For an award of reasonable attorney fees and costs of litigation against Defendant pursuant to Idaho Code §§ 12-120(1), 12-120(3), and 12-121; and

   C. For such other and further relief to which the Court finds Plaintiff entitled.

   DATED this 10th day of July, 2017.

          PETERSON LAW OFFICE, PLLC


          By:__/s/_Steven D. Peterson____
            Steven D. Peterson
            Attorney for Plaintiff